J-S61012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE DIAZ | |
| Appellant | No. 531 EDA 2016 |

Appeal from the PCRA Order January 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010250-2010,
CP-51-CR-0010251-2010

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 27, 2017**

Jose Diaz appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

Diaz was convicted by a jury of two counts of aggravated assault and one count of possession of instruments of crime after he cut two individuals with a box cutter during an altercation stemming from an earlier fistfight. The trial court sentenced Diaz to an aggregate term of 5½ to 12 years' imprisonment, followed by 5 years of reporting probation. Diaz appealed his judgment of sentence, which this Court affirmed. ***See Commonwealth v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Diaz***, 75 A.3d 561 (Pa. Super. 2013) (table).  Diaz did not file a petition for allowance of appeal with the Supreme Court.

On April 18, 2014, Diaz filed a *pro se* PCRA petition.  The PCRA court appointed counsel, who reviewed the record and ultimately filed a "no-merit" letter pursuant to ***Turner***/***Finley***.[1]  On January 29, 2016, the PCRA court dismissed Diaz's petition and granted counsel leave to withdraw.  This appeal follows, in which Diaz raises the following claims for our review:

1. Was Diaz's right to a speedy trial under Pa.R.Crim.P. 600 violated where the Commonwealth failed to prove due diligence?

2. Were Diaz's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution violated due to the ineffectiveness of trial and appellate counsel?

Brief of Appellant, at [3].

Diaz asserts that his Rule 600 speedy trial rights were violated because the Commonwealth did not demonstrate due diligence, and that trial and appellate counsel were ineffective for failing to pursue the issue.[2]  We conclude that no relief is due.

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] Standing alone, Diaz's Rule 600 claim is waived, as he could have raised it on direct appeal.  ***See*** 42 Pa.C.S.A. § 9543(a)(3) (to be eligible for relief under PCRA, petitioner must plead and prove that allegations of error have not been previously litigated or waived); 42 Pa.C.S.A. § 9544(b) (issue waived if petitioner could have raised it, but failed to do so, at trial, on direct appeal, or

Our standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal

citations omitted).

At the time of Diaz's trial, Rule 600 provided, in relevant part, as follows:

Rule 600. Prompt Trial.

. . .

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . .

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

. . .

(2) any period of time for which the defendant expressly waives Rule 600;

---

in a prior postconviction proceeding). However, because Diaz also raises the claim in the context of ineffectiveness of counsel in a timely first PCRA petition, it is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii).

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

. . .

(G) . . . If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. . . . If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and dismiss the defendant.

Pa.R.Crim.P. 600.

Pursuant to Rule 600(A) and (C), the mechanical and adjusted run dates are calculated as follows:

The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed. [T]he mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date. If the defendant's trial commences prior to the adjusted run date, we need go no further.

If, however, the defendant's trial takes place outside of the adjusted run date, we must determine, pursuant to Rule 600(G), whether the delay occurred despite the Commonwealth's due diligence. To this end, we have fashioned the "excusable delay" doctrine. Excusable delay is a legal construct that takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. Our Supreme Court has made clear that the Commonwealth must do everything reasonable within its power to guarantee that a trial

- 4 -

begins on time. Moreover, the Commonwealth bears the burden of proving that its efforts were reasonable and diligent.

Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600.

A period of delay that is excusable pursuant to Rule 600(G) results in an extension to the adjusted run date.

**Commonwealth v. Ramos**, 936 A.2d 1097, 1102–03 (Pa. Super. 2007) (en banc) (internal citations, quotation marks, and brackets omitted). "It is well-settled that the Commonwealth cannot control the schedule of the trial courts and that therefore judicial delay can support the grant of an extension of the Rule 600 rundate." **Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa. Super. 2007) (citation and quotation marks omitted).

Here, Diaz was arrested on July 2, 2010 and the Commonwealth filed its complaint on July 3, 2010. Thus, the mechanical run date was July 5, 2011.[3] Trial commenced on November 29, 2011, 147 days past the mechanical run date. However, the court found significant time to be either excusable or excludable. First, the court properly deemed the 51-day period between October 25, 2010 and December 10, 2010 excusable, as the delay was attributable to administrative relisting for implementation of the Philadelphia criminal court system's new Zone Court protocol.

---

[3] The actual mechanical run date, July 2, 2011, was a Saturday. The following Monday was the July 4th holiday. Thus, the first business day on which trial could have commenced was July 5, 2011.

*Commonwealth v. Armstrong*, 74 A.3d 228, 237 (Pa. Super. 2013) (delay attributable to reorganization of Philadelphia criminal court system by geographical zone excusable). This results in an adjusted run date of August 25, 2011.

In addition, the court found three continuances totaling 218 days to be either excludable or excusable. These periods of delay were between April 25 and October 17, 2011 (175 days), October 17 to October 27, 2011 (10 days) and October 27 to November 28, 2011 (32 days). Diaz takes issue with the delay resulting from the defense continuance granted on April 25, 2011. Although his argument is less than clear, he appears to challenge counsel's failure to investigate the lack of an "earliest possible date" notation in the quarter sessions file. This claim has no merit.

The following exchange took place during the Rule 600 motion hearing:

THE COURT: This case was the back[-]up trial for April 25th, the Walker and Bruce cases and they had three cases here. . . . That was a busy week. We knew that on April 21st that it was an advanced request given the PD's schedule. The PD's office was going to be on trial possibly with Garrett or Rivera.

The Court was going to be on trial on the Jones case and then following that, I was in chambers. Then it was re-rolled with Garrett and so were backed it up [sic] with Mr. Houston.

[A.D.A. BEN] BAER: So that bumped [the Diaz trial] up to the 4th of July.

[A.P.D. MARNI] SNYDER: It looks like [Diaz] got a date right away, October 17th, Your Honor.

THE COURT: It did. **It got a priority date on October 17th**. We were backing it up with Dia[z] for October 17th and Bogs. And that turned out to have be [sic] a priority.

- 6 -

> MS. SNYDER: Your Honor, so then it got continued to October 27 because court was on trial.
>
> THE COURT: Correct. It was Court on trial and we rolled it to October 27th.

N.T. Rule 600 Motion Hearing, 11/29/11, at 9-11.

Based upon the foregoing, it is apparent that, even though the quarter sessions file contained no "earliest possible date" notation, the trial court specifically recalled that Diaz's case was given a priority date following the defense request for a continuance on April 25, 2011.[4] There is no indication that the delay from April 25 to October 17 was in any way attributable to lack of due diligence on the part of the Commonwealth. Rather, this time is excludable as a defense request, after which the court gave Diaz's case the earliest trial date consistent with its schedule, October 17. This excludable time brings the adjusted run date to February 16, 2012, well past the date on which trial actually commenced.

Because trial commenced well within the adjusted run date, neither appellate nor PCRA counsel can be deemed ineffective for failing to raise a

---

[4] To the extent Diaz attempts to argue that he is entitled to relief based on the fact that the quarter sessions file erroneously identifies his counsel as Louis T. Savino, Esquire, he is entitled to no relief. At the Rule 600 hearing, the trial court recalled that, on that same date, Attorney Savino (who never represented Diaz in this matter) was present in the courtroom for three other matters. The court found that Attorney Savino's name was mistakenly entered in place of Diaz's actual counsel, Byron Houston, Esquire.

meritless Rule 600 claim.[5]  **_Rivera_**, **_supra_**.  Accordingly, the PCRA court did not err in denying Diaz relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/27/2017

---

[5] Diaz also alleges that trial counsel was ineffective.  However, trial counsel did, in fact, argue a Rule 600 motion which, for the reasons set forth **_supra_**, was denied.